# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DONALD BERNARD WHITAKER,    )
    )
    Movant,    )
    )
v.    )    Case No. CV408-065
    )    [CR405-191]
UNITED STATES OF AMERICA,    )
    )
    Respondent.    )

## REPORT AND RECOMMENDATION

Donald Bernard Whitaker has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 6.) For the following reasons, his motion should be **DENIED**.

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV408-065. "Cr. Doc." refers to documents filed in movant's criminal case, CR405-191.

## I.    BACKGROUND

On July 14, 2005, a federal grand jury indicted Whitaker on two counts of distribution of cocaine base and one count of possession with intent to distribute five grams or more of cocaine base. (Doc. 6 at 1-2.) Represented by appointed counsel, Charles V. Loncon, Whitaker entered a negotiated guilty plea to one of the distribution counts. (Cr. Doc. 29.) On March 30, 2006, the district judge sentenced Whitaker to 150 months' imprisonment, followed by 4 years' supervised release. (Cr. Doc. 30.)

Whitaker appealed, contending that his sentence should not have been increased based on a prior unrepresented misdemeanor conviction and arguing that since "he was indicted for selling cocaine 'from his home and car in March of 2005,' . . . other cocaine seized by police in 2004 was not part of the 'same course of conduct'" and should not have been considered during sentencing. United States v. Whitaker, 215 F. App'x 809, 810 (11th Cir. 2007). On January 24, 2007, the Eleventh Circuit affirmed Whitaker's sentence. Id.

Whitaker is currently incarcerated at the Federal Correctional Complex in Petersburg, Virginia. (Doc. 1 at 1.) His timely 28 U.S.C. § 2255 motion was filed on March 24, 2008, contending that:

(1)   trial counsel performed ineffectively by:

(a) allowing his inexperience to let him overlook sentencing departures;

(b) failing to procure affidavits and testimony which would have annulled a two-point sentencing enhancement;

(c) failing to raise <u>Alabama v. Shelton</u> "as asked";

(d) failing to "ammend [sic] info to [his] appeal";

(e) failing both at sentencing and on appeal to effectively argue for a voluntary disclosure departure; and

(f) refusing to send Whitaker his file as requested;

(2)   he was denied due process due to his attorney's failure to procure evidence from government agents regarding his cooperation;

(3)   the government breached the plea agreement due to counsel's failure to procure cooperation evidence from government agents; and

(4)   he was unconstitutionally sentenced under the old crack cocaine sentencing guidelines.

(Id. at 4-7.) The government responded in opposition to the motion on May 30, 2008. (Doc. 6.)

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

Whitaker raises several claims of ineffective assistance of counsel.[2] Specifically, he contends that his counsel performed ineffectively by: (1) overlooking sentencing departures due to his inexperience; (2) failing to procure affidavits and testimony which would have annulled a two-point sentencing enhancement; (3) failing to raise Alabama v. Shelton "as asked"; (4) failing both at sentencing and on appeal to effectively argue for a voluntary

---

[2] Whitaker's essential dispute is with the sentencing judge's application of the sentencing guidelines in his case. Generally, attacks on the application of the sentencing guidelines are not cognizable under § 2255. "[N]onconstitutional sentencing errors that have not been raised on direct appeal have been waived and . . . may not be reviewed by way of 28 U.S.C. § 2255." United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995). However, to the extent his claims are framed as claims of ineffective assistance of counsel, they are cognizable under § 2255. United States v. Perales, 212 F.3d 1110, 1111 (8th Cir. 2000); Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996); Epps v. United States, 2006 WL 3734177, at * 3 (S.D. Ga. Dec. 15, 2006) (noting that "ineffective assistance of counsel claims may be raised for the first time in collateral proceedings").

disclosure departure; and (5) refusing to send Whitaker his file as requested. (Doc. 1 at 4.)

To establish ineffective assistance of counsel, a movant must satisfy the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, a movant must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990); Brooks v. United States, 248 F. App'x 77, 80 (11th Cir. 2007). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in

light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue.

Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. Appellate counsel has no duty to assert every potentially colorable claim of error, even if his client urges him to do so, but instead should exercise his professional judgment and select only "the most promising issues for review." Id.

With these considerations in mind, the Court will now address each of Whitaker's ineffective assistance of counsel claims.

### 1. *Inexperience Leading to an Increased Sentence*

Whitaker claims that his "counsel's inexperience allowed excessive sentencing and overlooked departures." (Doc. 1 at 5.) He does not provide any detail supporting this contention. Because prejudice cannot be presumed merely from the relative inexperience of counsel,[3] a movant "must identify specific errors or omissions allegedly committed by counsel[,] . . . establish that those errors or omissions were professionally unreasonable, and [establish] that the identified errors or omissions resulted in actual

---

[3] A lawyer's inexperience does not per se mean that he is ineffective. Chandler v. United States, 218 F.3d 1305, 1316 n.18 (11th Cir. 2000) (citing United States v. Cronic, 466 U.S. 648, 665 (1984), which rejected the presumption of ineffectiveness where defendant was represented by a young attorney in his first jury trial).

harm to the defense in the sense that there exists a reasonable probability that the outcome of the proceeding would have been different had the errors not occurred." Waldrop v. Thigpen, 857 F. Supp. 872, 906 (N.D. Ala. 1994). Here, Whitaker fails to specify what departures he believes he should have received had his counsel been more experienced. (Doc. 1 at 5.) Whitaker's conclusory allegation that he received an "excessive" sentence because of his counsel's inexperience does not entitle him to relief. Franklin v. United States, 227 F. App'x 856, 859 (11th Cir. 2007) (noting that a movant is not entitled to § 2255 relief if his claims are "'merely conclusory allegations unsupported by specifics . . .") (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)).

Additionally, although the record does not reveal the extent of Loncon's criminal work experience, the Court notes that he has been a member of the Georgia bar since 1989.[4] Loncon, therefore, had been practicing law for around seventeen years at the time he represented Whitaker, making him far from inexperienced as a

---

[4] See Charles V. Loncon, Brannen, Searcy & Smith, LLP, http://brannenlaw.com/cvl.html (last visited June 3, 2008).

general matter. The Court also notes that Loncon had served as counsel in at least three federal criminal cases prior to representing Whitaker at the sentencing hearing.[5] Because Whitaker has failed to establish how Loncon's alleged "inexperience" caused him to be sentenced excessively, he is not entitled to § 2255 relief on this claim.

### 2. *Failure to Procure Annulment of Two-point Enhancement*

Whitaker next claims that Loncon performed ineffectively by failing to "retrieve affidavits and refus[ing] to subpoena favorable testimonies which would have annulled a 2 point enhancement" in his criminal history score under the sentencing guidelines. (Doc. 1 at 5.) Whitaker received a two-point criminal history enhancement for committing conduct relevant to the charged offenses while on parole.[6] Whitaker, 215 F. App'x 811.

---

[5] United States v. Mitchell, CR405-187 (S.D. Ga. Apr. 11, 2006); United States v. White, CR402-046 (S.D. Ga. Aug. 14, 2002); United States v. Johnson, CR495-248 (S.D. Ga. May 2, 1996).

[6] Also, after his parole term had expired, a confidential source purchased quantities of crack from Whitaker, and agents discovered more crack and powder cocaine during subsequent searches of both his home in Rincon and his parents' home in Guyton. (PSI ¶ 4-9.)

The enhancement arose from a warrant-based search of Whitaker's parents' home in Guyton, Georgia. On December 11, 2004, while Whitaker was on state parole, Effingham County Drug Task Force agents executed the warrant. (PSI ¶ 4.) When searching Whitaker's old bedroom,[7] the agents found a significant quantity of cocaine and marijuana. (Id.) Whitaker's step-father, Joe Roberson, told the agents that the drugs belonged to Whitaker. (Id.)

Despite Roberson's accusation, both he and Whitaker's mother were convicted in state court for the possession of the contraband. (Sent. Tr. 5.) Consequently, Loncon argued at Whitaker's federal sentencing that the parents' conviction exonerated Whitaker from that criminal activity and that Whitaker's criminal history score should therefore be lowered by two points. (Id. at 5-6.) The sentencing judge disagreed, however, noting that that the state's decision not to prosecute Whitaker did not necessarily imply that Whitaker was innocent of the crime. (Id. at 6-7.) Instead, the judge noted that the state's decision likely

---

[7] He no longer lived with his parents at this time. (PSI ¶ 4.)

reflected its "recognition that Whitaker had been charged in federal court." Whitaker, 215 F. App'x 812. Based upon the evidence linking Whitaker to the drugs found during the search, the judge adopted the PSI's findings on the issue. (Sent. Tr. 22.)

A review of the PSI strongly supports the judge's ruling. Not only were the drugs found in Whitaker's old bedroom, Whitaker had been observed selling drugs to a confidential source from his parents' residence. (PSI, Attach. 1-2.) Furthermore, a second search of his parents' residence, which occurred on March 16, 2005, uncovered another cache of crack and powder cocaine in a storage building behind the house. (PSI ¶ 9.) Whitaker admitted that those drugs belonged to him. (Id.; Sent. Tr. 11.) As Whitaker admitted that he had used his parents' residence to store his contraband, it was not unreasonable for the district judge to infer that Whitaker had a possessory interest in the drugs discovered in his old bedroom.

The Eleventh Circuit upheld the sentencing judge's ruling on appeal, noting that the possession of the drugs seized during the first search qualified as past relevant conduct that the judge was

permitted to consider at sentencing. Whitaker, 215 F. App'x at 811-812. Nevertheless, Whitaker seeks to revisit this issue for the third time. Rather than attacking the sentencing and appellate courts' rulings directly, he brings a claim of ineffective assistance of counsel, contending that because Roberson had accepted responsibility for possession of the drugs, Loncon should have obtained an affidavit from Roberson to that effect to present at sentencing and should have raised the issue on appeal. (Doc. 5 at 2; Doc. 7 at 2.) Whitaker's claim is meritless for two reasons. First, Roberson's admission, standing alone, is not enough to overcome the sentencing judge's finding. After being convicted in state court, Roberson no longer had any reason to fear a criminal prosecution for making this convenient admission. (Doc. 7 at 2.) In addition, he had every incentive to attempt to help his step-son. As he had no fear of prosecution and had an incentive to take responsibility for the drugs, Roberson's testimony would have carried little or no weight. Consequently, counsel cannot be said to have performed deficiently by failing to pursue such a questionable claim. The

Court is of the opinion that Loncon made a classic tactical decision, which cannot be second-guessed on habeas review.

Second, and more importantly, Whitaker's criminal history *category* would not have been affected by the drop in his criminal history *score.* If the sentencing judge found that Whitaker had not committed a crime while on parole, Whitaker's total criminal history score would have dropped from 12 to 10. (PSI. ¶ 38.) With a criminal history score of 10, Whitaker would still fall into criminal history category V. As his criminal history category is unchanged, his recommended sentencing range was also unchanged. See U.S.S.G. Manual Sentencing Table. Accordingly, Loncon's "error" did not create a reasonable probability that the sentence would have been different, so Whitaker cannot show prejudice under these facts. Kimmelman, 477 U.S. at 375.

### 3.    *Failure to Raise the Alabama v. Shelton Issue*

Whitaker contends that his appellate counsel was ineffective for failing to raise a violation of Alabama v. Shelton, 535 U.S. 654 (2002). (Doc. 1 at 5; Doc. 7 at 1.) In Shelton, the Supreme Court held that a suspended sentence that may result in the actual

deprivation of a person's liberty may not be imposed unless the defendant was accorded counsel in the prosecution for the crime charged. Id. at 674. Whitaker was convicted of DUI in Effingham County in December, 2002. (PSI ¶ 35.) He was sentenced to twelve months' probation, but it was unclear whether he was represented by counsel during the proceedings. (Id.) The probation office assigned Whitaker a one-point criminal history enhancement for the conviction. (Id.) At sentencing, Whitaker contended that this possibly uncounseled conviction should not have enhanced his criminal history score, but the sentencing judge denied his objection.[8] (Tr. 21-24.) Whitaker presently contends that counsel was ineffective for failing to argue on appeal that the use of the possibly uncounseled DUI conviction in calculating his criminal history score violated Shelton. He states that he specifically asked Loncon to raise this issue.[9] (Doc. 1 at 5.)

---

[8] If Whitaker is arguing that counsel was ineffective for failing to raise this issue during sentencing, his claim fails. Although Loncon did not mention Shelton by name, he raised the objection at sentencing. (Sent. Tr. 21.)

[9] Whitaker contends that "counsel failed to ammend [sic] [this objection into] to [his] appeal, even after being prompted to communicate with [him] by the court of appeals." (Doc. 1 at 5.) In support of this claim, Whitaker attached to his § 2255 motion a copy of an October 2, 2006 order signed by

14

As noted above, the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue. Appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Jones, 463 U.S. at 751-52. Appellate counsel has no duty to assert every potentially colorable claim of error, even if his client urges him to do so. Id. Consequently, the Court is of the opinion that even in the face of Whitaker's demand that this issue be raised on appeal, Loncon did not perform deficiently by failing to raise the issue. Furthermore, even if Loncon had raised the issue and succeeded in reducing Whitaker's criminal history score by one point, Whitaker would still fall under criminal history category V, as discussed under the prior enumeration of error. As his criminal history category would remain unchanged, Whitaker cannot show that he was prejudiced on these facts.

United States Circuit Judge Rosemary Barkett. (Id., Ex. 2.) In the order, Judge Barkett directed counsel to "provide Appellant with copies of the briefs filed in this appeal and to communicate promptly with Appellant concerning his appeal, especially with regard to any rulings made by this Court." (Id.) Contrary to Whitaker's assertion, the order did not direct counsel to amend Whitaker's appellate brief or add any information to it.

### 4. *Failure to Effectively Argue Voluntary Disclosure Departure at Trial and on Appeal*

Whitaker claims that Loncon "failed to effectively argue departure for voluntary disclosure and also neglected to raise the issue on appeal." (Doc. 1 at 5.) The record belies Whitaker's claim.

During the sentencing hearing, Loncon called Drug Enforcement Task Force Agent Kent Munsey to testify about Whitaker's cooperation with law enforcement. (Sent. Tr. 8.) Munsey testified that Whitaker was cooperative during the interview process and that, after a search of Whitaker's mother's home revealed some drugs, Whitaker informed agents that there were additional drugs that had not been recovered. (Id. at 10-11.) Munsey further testified that the vast majority of the drugs were found because of Whitaker's cooperation. (Id. at 12.) Munsey informed the court that while Whitaker was out on bond he attempted to cooperate with Agent Munsey but that "nothing transpired" because Whitaker's name had been in the newspaper. (Id. at 13-14.) He also stated that Whitaker had provided him with a number of names and other information to pursue, which Munsey turned over to local law enforcement authorities. (Id. at 14.)

16

Whitaker also sent Munsey information on a counterfeiting scheme, which Munsey passed on to the Secret Service. (Id. at 15.) On cross-examination, Munsey testified that, to his knowledge, none of the information provided by Whitaker had resulted in any arrests or convictions. (Id.)

Towards the end of the sentencing hearing, Loncon pointed out to the court that "as Agent Munsey testified . . . the bulk of the drugs that have resulted in the high base-level offense that Mr. Whitaker received were discovered by Mr. Whitaker incriminating himself to the investigators." (Id. at 24.) He noted that there was a "real possibility that those drugs would never have been found given what was found at his house" during the initial search. (Id. at 24-25.) Finally, Loncon argued that such "voluntary disclosures of an offense may be mitigating factors" for the Court to consider either as reasons to sentence Whitaker at the low-end of the guidelines range or even as a reason to depart from the guidelines.[10] (Id. at 25.) After considering this evidence, the

_____

[10] The prosecuting Assistant United States Attorney noted that he would not object to Whitaker being sentenced at the lower end of the guideline

district judge found no reason to depart from the guideline sentencing range, but he sentenced Whitaker to 150 months' imprisonment, which was at the lower end of the 140 to 175 months' guideline range. (Id. at 24, 26.)

Contrary to Whitaker's assertion, during sentencing Loncon did effectively argue for a departure or lower-end guideline sentence based on Whitaker's voluntary disclosures and cooperation with law enforcement. Additionally, Loncon did not act unreasonably in failing to raise the voluntary disclosure issue on appeal, since any argument that he could have made would have been weak and likely meritless. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (finding that petitioner's "appellate counsel was not ineffective for failing to raise a nonmeritorious issue"); see also Jones, 463 U.S. at 751-52 (holding that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue and that effective appellate advocates should winnow out weaker arguments even if they are potentially meritorious).

---

range "based upon his efforts to date, which, although they have not been successful yet, have been, I think, sincere." (Id. at 19, 26.)

### 5. *Refusal to Send Whitaker a Copy of His File*

Finally, Whitaker contends that his attorney performed ineffectively by refusing to send him a copy of his file so that he could prepare this § 2255 motion. (Doc. 1 at 5.) On January 23, 2008, Whitaker filed a motion to compel Loncon to provide him with a copy of his entire case file. (Cr. Doc. 43.) Additionally, Whitaker requested a transcript of his change of plea hearing. (Id.) Loncon responded to the motion, contending that he gave Whitaker copies of requested documents from his file "throughout the course of the case" and that Loncon had provided copies of all requested documents that were in his possession. (Cr. Doc. 44 at 1.) Although Loncon did not possess a copy of the change of plea hearing transcript, he sought a copy of it on Whitaker's behalf from the court reporter. (Id.) After the court reporter told him that he could not obtain a copy without a court order, he informed Whitaker of the court reporter's refusal and stated that he would again copy all the documents in his possession and would send them to Whitaker that day. (Id. at 1-2.) On March 19, 2008, the district judge entered an order denying Whitaker's motion to

compel as moot based on his finding that Loncon had provided Whitaker with all of the requested documents. (Cr. Doc. 48.) Contrary to Whitaker's contention, Loncon did not "refuse" to send him a copy of his file. Accordingly, Whitaker has not shown that his attorney performed unreasonably and thus has failed to satisfy the first prong of the Strickland analysis.

## B. Substantial Assistance

In Whitaker's second ground for relief, he argues that he was denied due process based on his attorney's alleged "failure to respond to a request by DEA Agent Steven Edenfield to contact him so that he could fax a letter to the court concerning petitioner's presentence assistance."[11] (Doc. 1 at 6.) Whitaker also contends that his attorney failed to secure similar information from Secret Service Agent Bryan Truax. (Id.) He claims that these failures caused him "not to receive a reduction at sentencing." (Id.)

Even if Loncon failed to contact Agent Edenfield or Agent Truax, he did show Edenfield's investigative summary to Agent

---

[11] Although Whitaker framed this claim as a denial of due process, he is apparently contending that his attorney's ineffectiveness led to an error at sentencing. Accordingly, the Court will analyze this claim under Strickland.

Munsey during the sentencing hearing. (Sent. Tr. 11.) Munsey testified that he was familiar with the summary, that he had spoken with Agent Edenfield, and that he was aware that Whitaker was cooperating with Edenfield and a Secret Service agent, who the Court presumes was Agent Truax. (Id. at 11-15.) Loncon cannot be said to have performed deficiently for failing to contact Edenfield and Truax, as he still ensured that the sentencing judge was fully advised regarding Whitaker's efforts to cooperate with the government.

## C. Breach of Plea Agreement

Whitaker next contends that his attorney's failure to procure the information from Agents Edenfield and Truax led to a breach of his plea agreement, since the "government was unable to advise the court of any assistance as promised in the plea agreement . . . ."[12] (Doc. 1 at 8.)

---

[12] Like Whitaker's "due process claim," this contention appears to be premised, in part, on the allegation that Loncon was ineffective. For the same reasons discussed above, Loncon was not ineffective under Strickland.

Whitaker's contention that the government breached the plea agreement is factually and legally meritless. In the plea agreement, the government promised to "[a]dvise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant, and to consider whether such cooperation qualifies as 'substantial assistance' pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1." (Cr. Doc. 29 at 2.) But the agreement made clear that "the defendant understands that the determination as to whether the defendant has provided 'substantial assistance' rests solely with the government." (Id. at 3.)

As promised in the plea agreement and as mentioned previously, both Loncon and the prosecuting attorney advised the sentencing judge at length regarding Whitaker's cooperation. Accordingly, the government complied with its obligation under the plea agreement to "advise the Court of the extent" of Whitaker's cooperation with the government. Additionally, during the sentencing hearing, the government told the sentencing judge that it had not filed a motion for downward departure, because although

Whitaker had provided information, none of that information had proved very helpful. (Sent. Tr. 18-19.) Because the government complied with its obligation to advise the sentencing judge regarding Whitaker's assistance, this ground for relief fails.

### D. Unconstitutional Sentencing Disparity of Crack Cocaine Offenders

Whitaker's final contention regards the disparity in sentencing between crack and powder cocaine offenses. (Doc. 1 at 9.) Under 18 U.S.C. § 3582(c), defendants may challenge their sentences based on the crack/powder disparity, and it provides Whitaker's sole avenue of relief on this claim. Hickman v. United States, 2008 WL 205337, at * 4 n.3 (S.D. Ga. Jan. 23, 2008) (noting that changes wrought under Kimbrough v. United States, 128 S. Ct. 558 (2007) and Gall v. United States, 128 S. Ct. 586 (2007) "are properly addressed by a motion under 18 U.S.C. § 3582(c)(2), not a motion to vacate under 28 U.S.C. § 2255"). Whitaker acknowledges that he filed a motion under 18 U.S.C. § 3582(c), and the Court notes that it was recently granted. (Cr. Doc. 56.) Accordingly, this ground is moot.

## III.  CONCLUSION

For the foregoing reasons, Whitaker fails to state grounds on which § 2255 relief may be granted.  Accordingly, his motion should be **DENIED.**

**SO REPORTED AND RECOMMENDED** this <u>8th</u> day of October, 2008.

<u>/s/ G.R. SMITH</u>
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**